### MUSCHEL v. AUSTERN.

(Supreme Court, Appellate Term. November 18, 1903.)

1. RELEASE—IMPEACHMENT—EVIDENCE.
    In an action on an assigned claim defendant pleaded a release executed in the name of the firm creditor by defendant's brother on November 3, 1902. The firm went into bankruptcy on November 5th or 6th, and one of the members of the firm testified that he knew nothing of the making of the release, and in January, 1903, defendant admitted

the correctness of the claim against him, and did not interpose his release until suit was brought to recover the amount due. Defendant paid nothing at the time the release was executed, though he owed the firm at that time $71. *Held*, that a finding that the release was invalid was proper.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Maurice Muschel against Carl Austern. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

M. Silverstein, for appellant.
I. Frey, for respondent.

PER CURIAM. Defendant urges three grounds for the reversal of the judgment herein: First, that the same is against the weight of evidence; second, errors in the rulings of the trial judge; and, third, that the judgment is contrary to law. None of these objections are borne out by our examination of the evidence. There was abundant evidence to sustain the findings of the trial court, and none of the rulings of the court constitute reversible error. The cause of action arose out of certain transactions between the firm of Heller & Austin, plaintiff's assignors, and the defendant; by which the defendant became indebted to said firm. The defendant introduced in evidence what purported to be a general release executed by the brother of the defendant in the firm name of Heller & Austin. This release was apparently executed November 3, 1902. The testimony shows that the firm of Heller & Austin went into bankruptcy on November 5 or 6, 1902; that Heller, one of the firm, knew nothing of the making of the release; that in January, 1903, the defendant examined the bills charging him with his indebtedness to the firm of Heller & Austin in the amount claimed herein by plaintiff, and admitted their correctness; that the defense of a general release was not interposed in this action until some two months after issue was joined; and that, although this defendant and his brother (who executed the release) both concede that the defendant owed the firm $71 at the time the release was claimed to have been executed, nothing was paid by defendant towards liquidating such indebtedness. Under this state of facts we think the release was sufficiently impeached, and the trial court was correct in so finding.

Judgment affirmed, with costs.